2022 IL App (1st) 190605-U

FIFTH DIVISION
January 28, 2022

No. 1-19-0605

**NOTICE:** This order was filed under Supreme Court Rule 23 and may not be cited as precedent by any party except in the limited circumstances allowed under Rule 23(e)(1).

IN THE
APPELLATE COURT OF ILLINOIS
FIRST JUDICIAL DISTRICT

| | |
|---|---|
| *In re* MARRIAGE OF<br>VITO MONTANA, | ) Appeal from the Circuit Court of<br>) Cook County. |
| | ) |
| Petitioner-Appellee, | ) |
| | ) No. 16 D 7721 |
| and | ) |
| | ) |
| NATALIA VILDZUINIENE, | ) Honorable |
| | ) John Thomas Carr, |
| Respondent-Appellant. | ) Judge Presiding. |

PRESIDING JUSTICE DELORT delivered the judgment of the court.
Justices Cunningham and Connors concurred in the judgment.

**ORDER**

¶ 1    *Held:*    In this dissolution of marriage case, the respondent appeals an order for judgment of dissolution and the denial of her motion to reconsider. When the respondent filed the notice of appeal, the circuit court had yet to rule upon the parties' petitions for contribution to attorney fees and costs. The orders appealed from were not final and appealable orders and, therefore, we dismiss this appeal for lack of jurisdiction.

¶ 2    Respondent Natalia Vildziuniene appeals a December 5, 2018 order of dissolution of marriage and a February 27, 2019 order denying her motion to reconsider. Petitioner Vito Montana filed a motion to dismiss the appeal for want of jurisdiction. We conclude that we do not have jurisdiction and therefore dismiss the appeal.

¶ 3                                                    BACKGROUND

¶ 4       We limit our recitation of facts to the jurisdictional issue, because it is dispositive. Vito filed a petition for dissolution of marriage from Natalia on August 19, 2016. Before the dissolution action proceeded to a bench trial, Vito filed a petition for contribution to attorney fees and costs under sections 503(j) and 508(b) of the Illinois Marriage and Dissolution of Marriage Act (Act) (750 ILCS 5/503(j), 508(b) (West 2016)).

¶ 5       On November 15, 2018, the circuit court conducted a trial, issued its ruling, and asked the parties to draft a written judgment. The court dissolved the parties' marriage and made certain rulings as to the division of their property. Vito's counsel then requested a hearing date for the petition for contribution to attorney fees and costs. The court acknowledged the request and stated, "Do a date -- actually, you can continue it until the judgment is entered and then you can get a date. We can give both of you leave to file contribution petitions if you want. That's it." The court entered an order of continuance requiring the parties to present a "proposed judgment" by December 5, 2018 and granting both parties "leave to file petition[s] for fees."

¶ 6       During a hearing on December 5, 2018, the parties requested further resolution of certain issues. Vito argued that Natalia's attorney placed a lien on one of their properties in the amount of $25,000 and recorded it the day before the matter proceeded to trial. The attorney, who was representing Natalia in a corresponding fraud case against Vito, lent her $25,000 for his fees and recorded the lien against the property as a mortgagee. In light of the ongoing attorney fee dispute, the circuit court ordered the parties to insert language into the dissolution order reserving the issue, stating "[t]hat's one more thing that's kind of stinky."

¶ 7       The December 5, 2018 order of dissolution of marriage stated as to the unresolved attorney fee issue:

"With regard to the four real properties, neither party shall cause any liens to be placed on any of said properties without the express consent of the other party, except that their respective attorneys, Potratz & Associates and Winters Family Law Firm may place liens for any outstanding attorney fees and cost[s] due them on any or all of said properties *after a hearing on final fees and contribution toward final fees by this Court*." (Emphasis added.)

The order also stated that the court "reopened proofs for the purposes of considering a mortgage to Ayres Law Offices, Ltd. in the amount of $25,000 recorded by Natalja [*sic*] against 208 Dee Road. Such Mortgage is allocated to Natalja and shall be her sole responsibility." Further, the order stated that "Vito shall have the right to borrow up to $25,000 against 208 Dee Road for attorneys' fees and costs to be repaid by him. Natalja shall cooperate with any such efforts by Vito." The record does not reflect any disagreement or objection by the parties regarding the addition of this language. Finally, the order of dissolution contains no language under Illinois Supreme Court Rule 304(a) (eff. Mar. 8, 2016) finding that there was no just reason to delay enforcement or appeal. In a separate order entered the same day, the court scheduled a January 11, 2019 hearing on Vito's petition for contribution to fees and costs under sections 503(j) and 508(b) of the Act and again granted leave for Natalia to file a petition for final attorney fees and costs.

¶ 8     On January 10, 2019, Natalia filed a petition for contribution to fees and costs under sections 503(j) and 508(b) of the Act. She sought an evidentiary hearing on attorney fees and an order requiring that her attorney fees and costs be charged against Vito's interests in the marital estate. The circuit court entered an order on January 11, 2019, setting a briefing schedule for Natalia's motion to reconsider the order of dissolution and granting the parties leave to file

responses to the petitions for contribution. The court also set a hearing date of March 11, 2019 on the parties' petitions for contribution.

¶ 9     On January 18, 2019, Natalia filed a motion to reconsider the order of dissolution entered on December 5, 2018. This motion did not include an objection to the portion of the December 5 order reserving the issue of contribution towards attorney fees.

¶ 10     During the February 27, 2019 hearing on Natalia's motion for reconsideration, Vito's counsel noted the pending petitions for contribution to attorney fees and that Natalia had subpoenaed a witness to provide testimony related to the fee petition. The circuit court stated that newly hired counsel for Natalia "is just getting involved in it," and that the court would open discovery for "a couple of weeks so you can do what you have to do and then set it down for status." The court asked the parties, "you can all survive without attorneys' fees being ruled on immediately, correct?" The court entered an order denying Natalia's motion to reconsider and setting a hearing on the parties' cross-petitions for contribution on April 30, 2019. The February 27, 2019 order also did not include a finding under Rule 304(a).

¶ 11     On March 8, 2019, Natalia's former counsel, Potratz & Associates, filed a petition to set final attorney fees and costs under section 508 of the Act. The circuit court entered an order of continuance on March 21, 2019 regarding Natalia's "decision on mediation" regarding the petition for contribution to attorney fees, setting a hearing date of April 4, 2019.

¶ 12     On March 22, 2019, Natalia filed a notice of appeal seeking review of, among other things, the December 5, 2018 order of dissolution of marriage and the February 27, 2019 order denying the motion to reconsider. On April 4, 2019, the circuit court entered an order reflecting that the parties agreed to stay proceedings on the cross-petitions for contribution to attorney fees until further order of court. This appeal followed.

¶ 13                                    ANALYSIS

¶ 14    On appeal, Natalia argues that the circuit court erred by not bifurcating the dissolution proceedings and separating the real property issues from the dissolution of marriage judgment. She also contends that her attorney's motions to withdraw should have been granted and the trial date reset to allow her to retain new counsel that could properly prepare the matter for trial. Natalia contends the court erred by accepting certain stipulations at trial regarding the classification of real property and the distribution of that property, in addition to the parties' interest in a lingerie business. Finally, she argues that Vito is judicially estopped from claiming any temporary maintenance because he abandoned that claim under oath and in a verified pleading.

¶ 15    On September 27, 2021, Vito moved to dismiss the appeal for lack of jurisdiction due to the pendency of the parties' petitions for contribution for attorney fees and costs under sections 503(j) and 508(b) of the Act. He contends that neither the December 5 dissolution order nor the February 27 order denying Natalia's motion to reconsider resolved the issue of attorney fees between the parties and, therefore, were not final and appealable orders. Further, neither of the orders contained Rule 304(a) language.

¶ 16    Natalia filed an answer to Vito's motion on October 1, 2021, contending that section 508 of the Act was "substantially amended," rendering his argument obsolete. She argues that the December 5 order was final and appealable under section 413 of the Act, which states that "[a] judgment of dissolution of marriage or of legal separation or of declaration of invalidity of marriage is final when entered, subject to the right of appeal." 750 ILCS 5/413 (West 2016). She also contends that the unresolved fee petitions were waived under section 503(j) because a hearing on the petitions was not conducted before the circuit court entered the judgment of dissolution. Finally, she argues that pending fee petitions under section 508(b) do not affect the finality of the

judgment and are fully independent of the court's ruling on property distribution. On October 26, 2021, the assigned motion justice of this court ordered the motion taken with the case.

¶ 17    Natalia states in her opening brief that we have jurisdiction for this appeal under the authority of Illinois Supreme Court Rules 301 (eff. Feb. 1, 1994) and 303 (eff. July 1, 2017). Her jurisdictional statement claims that the December 5, 2018 order of dissolution was a final and appealable order.

¶ 18    We have a duty to consider whether we have jurisdiction and to dismiss an appeal for lack of jurisdiction. *Archer Daniels Midland Co. v. Barth*, 103 Ill. 2d 536, 539 (1984). Whether a court has jurisdiction presents an issue of law and, therefore, our review is *de novo*. *In re Marriage of Crecos*, 2021 IL 126192, ¶ 11 (citing *In re A.H.*, 207 Ill. 2d 590, 593 (2003)).

¶ 19    Rule 301 allows appeals from final judgments as a matter of right. Ill. S. Ct. R. 301 (eff. Feb. 1, 1994); Ill. Const. 1970, art. VI, § 6. An order is considered final if it "determines the litigation on the merits or some definite part thereof so that, if affirmed, the only thing remaining is to proceed with the execution of the judgment." *In re Marriage of Verdung*, 126 Ill. 2d 542, 553 (1989). When an order resolves fewer than all the claims, the order is not final and appealable. *In re Marriage of Susman*, 2012 IL App (1st) 112068, ¶ 12. Rule 303 states that the notice of appeal "must be filed with the clerk of the circuit court within 30 days after the entry of the final judgment appealed from, or, if a timely posttrial motion directed against the judgment is filed *** within 30 days after the entry of the order disposing of the last pending postjudgment motion directed against that judgment or order." Ill. S. Ct. R. 303(a)(1) (eff. July 1, 2017).

¶ 20    Although the general rule is that a party can appeal a case "only after the circuit court has resolved all claims against all parties," there are exceptions to that rule. See *State Farm Fire & Casualty Co. v. John J. Rickhoff Sheet Metal Co.*, 394 Ill. App. 3d 548, 556 (2009). Notably, Rule

304(a) provides that, where there are multiple parties or multiple claims, an appeal may be taken from a final judgment "as to one or more but fewer than all of the parties or claims" only if the circuit court has made an express written finding that there is no just reason for delaying either enforcement or appeal or both. Ill. S. Ct. R. 304(a) (eff. Mar. 8, 2016).

¶ 21 Our supreme court has held that a petition for dissolution advances only a single claim. *In re Marriage of Leopando*, 96 Ill. 2d 114, 119 (1983). The other issues involved in a dissolution proceeding, including property, custody, distribution, and support, are ancillary to the cause of action and do not represent separate, unrelated claims. *Id*. Rather, those issues are separate issues related to the same claim. *Id*. Furthermore, "the request for attorney fees in a dissolution action that has not yet been resolved is not an independent action and must be considered to be part of the overall divorce proceeding." *In re Marriage of King*, 336 Ill. App. 3d 83, 88 (2002); see also *In re Marriage of Tomei*, 253 Ill. App. 3d 663, 666 (1993) ("This court has determined that attorney fees are directly related to the central dispute in a dissolution of marriage case and thus are not incidental."). Thus, until all the ancillary issues are resolved, a petition for dissolution of marriage is not a final judgment. *Leopando*, 96 Ill. 2d at 119-20. In addition, *Leopando* held that, "because issues raised in a dissolution of marriage case are not separate claims, those issues are not appealable under Rule 304(a)." *In re Marriage of Crecos*, 2021 IL 126192, ¶ 11 (citing *Leopando*, 96 Ill. 2d at 120).

¶ 22 Natalia argues that section 508 of the Act was substantially amended in 1997, which rendered judicial holdings issued before then obsolete. She contends that, as a result, the pre-1997 case law which Vito cites in his argument (*i.e.*, *In re Marriage of Tomei*, 253 Ill. App. 3d 663 (1993) and *In re Marriage of Derning*, 117 Ill. App. 3d 620 (1983)) is no longer applicable. She also notes that in 1997, section 503(j) had yet to be added to the Act.

¶ 23 Generally, attorney fees are the responsibility of the person for whom the services were rendered. *In re Marriage of Micheli*, 2014 IL App (2d) 121245, ¶ 45. The Act, however, gives the circuit court the discretion to order one spouse to pay all or contribute in part to the other spouse's attorney fees after considering the parties' financial resources. *In re Marriage of Minear*, 181 Ill. 2d 552, 561-62 (1998). Before 1997, section 508 contained the attorney fee provisions of the Act. In 1997, the legislature amended sections 503 and 508. See *Blum v. Koster*, 235 Ill. 2d 21, 45 (2009).

¶ 24 Under the current version of section 508(a) of the Act, the circuit court may order a party to contribute a reasonable amount of the opposing party's attorney fees. 750 ILCS 5/508(a) (West 2016). Section 508(a) states that "[a]t the conclusion of any pre-judgment dissolution proceeding under this subsection," the court may award contribution of attorney fees and costs "in accordance with subsection (j) of Section 503." *Id*. Section 503(j), which was added to the Act in 1997, provides in pertinent part:

"After proofs have closed in the final hearing on all other issues between the parties (or in conjunction with the final hearing, if all parties so stipulate) and before judgment is entered, a party's petition for contribution to fees and costs incurred in the proceeding shall be heard and decided, in accordance with the following provisions:

(1) A petition for contribution, if not filed before the final hearing on other issues between the parties, shall be filed no later than 14 days after the closing of proofs in the final hearing or within such other period as the court orders.

(2) Any award of contribution to one party from the other party shall be based on the criteria for division of marital property under this Section 503 and, if

maintenance has been awarded, on the criteria for an award of maintenance under Section 504." 750 ILCS 5/503(j) (2016).

¶ 25    Contrary to Natalia's argument, the pre-1997 cases holding that the question of liability for attorney fees was integral to the judgment dissolving the parties' marriage remain good law. See, *e.g.*, *In re Marriage of King*, 208 Ill. 2d 332, 342 (2003) (applying the holding in *Derning* in reference to the 1997 amendments to the Act); *Crecos*, 2021 IL 126192, ¶¶ 8-9, 19-21 (distinguishing the facts of *Derning* because the petition in *Crecos* involved a postdissolution fee petition).

¶ 26    Natalia's argument fails to distinguish between predissolution and postdissolution fee petitions and instead conflates the two. Our supreme court has stated that "postdissolution proceedings present unusual circumstances in civil practice because the [circuit] court enters a final judgment resolving all issues at the time of dissolution, but that judgment may be subsequently modified at the request of the parties, sometimes repeatedly." *Crecos*, 2021 IL 126192, ¶ 19. The *Crecos* court resolved a split in the districts of our appellate court concerning whether postdissolution petitions are best described as new claims or new actions, concluding that "for purposes of appellate jurisdiction, unrelated postdissolution matters constitute separate claims, so that a final order disposing of one of several claims may not be appealed without a Rule 304(a) finding." *Id.* ¶ 45.

¶ 27    In this case, Vito filed a petition for contribution to attorney fees *before* the matter even proceeded to trial. For this reason, we reject Natalia's argument that resolution of the fee petitions is waived under section 503(j) because the circuit court did not conduct a hearing on the petitions before entering the order of dissolution. The record supports this conclusion.

¶ 28     During trial, the circuit court acknowledged the unresolved attorney fee issue and granted leave to both parties to file fee petitions without objection, although Vito had already filed his fee petition At the December 5, 2018 hearing, the attorney fee issue could not be resolved because Natalia's attorney placed a lien on one of their properties in the amount of $25,000 and recorded it the day before the matter proceeded to trial. The court ordered the parties to insert language into the judgment of dissolution specifically reserving the issue. The December 5, 2018 dissolution order included language reserving the issue of attorney fees as the parties had agreed to do. Further, the court had to reopen discovery on the fee petitions when the parties raised new issues of concern after the court entered the order of dissolution. For example, Natalia issued a subpoena to a witness to provide testimony related to the fee petition. Natalia hired new counsel and the court reopened discovery for "a couple of weeks so you can do what you have to do and then set it down for status." The court also asked the parties at the February 27, 2019 hearing on Natalia's motion to reconsider, "you can all survive without attorneys' fees being ruled on immediately, correct?" Neither party objected. In light of this record, we find Natalia's waiver argument disingenuous.[1]

¶ 29     Natalia also argues that under section 413(a) of the Act, "all judgments are final and appealable." Section 413(a) of the Act states that "[a] judgment of dissolution of marriage *** is final when entered, subject to the right of appeal." 750 ILCS 5/413(a) (West 2016). However, our supreme court has held that "section 413(a) of the [Act] is not an impermissible legislative attempt to usurp the constitutional power of this court to regulate appellate jurisdiction." *In re Marriage of Lentz*, 79 Ill. 2d 400, 408 (1980).

---

[1]     Furthermore, Natalia cites to *In re Marriage of Konchar and Ionta*, 312 Ill. App. 3d 441 (2000) in support of her argument that the fee petitions must be heard and decided before the final judgment is entered. *In re Marriage of Konchar*, however, was abrogated by our supreme court in *Blum v. Koster*, 235 Ill. 2d 21, 46-47 (2009), which held that section 503(j) does not apply to postdecree petitions for contribution of attorney fees.

¶ 30    In *Lentz*, the supreme court considered the finality and appealability of a judgment of dissolution which reserved questions of maintenance and property division for future court action. The order in question did not include Rule 304(a) language and, as a result, the appellate court dismissed the appeal for lack of jurisdiction. The supreme court noted that the language of section 413(a), on its face, appeared to make the judgments enumerated therein appealable. *Lentz*, 79 Ill. 2d at 404. However, the *Lentz* court also noted that article VI, section 16, of the Illinois Constitution "places the responsibility for rules governing appeals in the supreme court and not in the General Assembly." *Id*. Therefore, supreme court rules on appeals supersede statutory provisions inconsistent with the rules and govern all appeals. *Id*.; see also Ill. S. Ct. R. 1 (eff. July 1, 1982) ("The rules on appeals shall govern all appeals."). The supreme court held that "[a]ny legislative enactment in conflict with the rules of this court governing appeals would therefore be invalid." *Id*. at 405.

¶ 31    As to finality and appealability under section 413(a) of the Act, the *Lentz* court further explained:

> "If section 413(a) of the Act were to be construed as an attempt by the legislature
> to make a judgment of dissolution of marriage final and appealable when entered,
> its validity would be in question. Not only would such legislation constitute an
> attempt to legislate in regard to the taking of appeals, an area in which the
> Constitution has conferred authority on this court, but also such legislation could
> be in direct conflict with the provisions of our Rule 304(a) governing appeals from
> final judgments as to fewer that all of the parties or claims." *Id*.

The provisions of Rule 304(a) "were aimed at discouraging piecemeal appeals in the absence of some compelling reason and at removing the uncertainty as to the appealability of a judgment

which was entered on less than all of the matters in controversy." *Id*. at 407. The court construed the language of section 413(a) to mean that "an appeal may be taken from such a judgment if the order is indeed appealable as a matter of right or by virtue of a supreme court rule." *Id*. at 406. The court held that the judgment of dissolution, which lacked an express finding that there existed no just reason to delay enforcement or appeal, was not a final and appealable order and that the appellate court properly dismissed the appeal for lack of jurisdiction. *Id*. at 409.

¶ 32    In this case, the record reflects that the circuit court reserved ruling upon the issue of attorney fees and costs with the agreement of the parties. Because this ancillary issue remained unresolved, the December 5, 2018 order of dissolution and the February 27 order denying Natalia's motion to reconsider were not final judgments for purposes of appeal. See *Leopando*, 96 Ill. 2d at 119-20; see also *Tyler v. Tyler*, 230 Ill. App. 3d 1009, 1012 (1992) ("To allow an appeal from this judgment of dissolution while the question of attorney fees remains pending in the [circuit] court would run afoul of the policy to 'encourage the court to decide all matters incident to the dissolution in a single judgment[.]"). Moreover, neither of the orders in question contained Rule 304(a) language. *Lentz*, 79 Ill. 2d at 409. Our supreme court rules supersede the "finality" language in section 413(a) of the Act. See *Id*. at 404-05. Accordingly, section 413(a) is inapplicable here.

¶ 33    Finally, Natalia's argument that pending petitions under section 508(b) of the Act do not affect the finality of the judgment is not supported by any Illinois authority and she has cited to none.[2] She argues that rulings on attorney fees under section 508(b) are unrelated to the dissolution judgment. But long-standing Illinois authority that specifically holds the issues involved in a divorce proceeding are so interrelated that they constitute one claim and, thus, the resolution of

---

[2]    Natalia cited *Kaufman, Litwin and Feinstein v. Edgar*, 301 Ill. App. 3d 826 (1998) in support of her argument, however, that case involved a constitutional challenge to the amendments added to the Act in 1997 and provided no discussion regarding whether attorney fee petitions filed under section 508(b) affect the finality of the order of dissolution.

fewer than all issues cannot be a final order. *Leopando*, 96 Ill. 2d at 119-20; *Crecos*, 2021 IL 126192, ¶¶ 43-44; *In re Marriage of Teymour and Mostafa*, 2017 IL App (1st) 161091, ¶ 41 ("predissolution issues are generally related and part of a single claim, requiring the entire matter to be resolved in order for the appellate court to be vested with jurisdiction"). We reject her argument on this issue.

¶ 34    Here, the circuit court specifically reserved the issue of the petitions for contribution to attorney fees and costs when it entered the order of dissolution. Neither of the parties objected. Also, neither the December 5, 2018 order of dissolution nor the February 27 order denying Natalia's motion to reconsider disposed of the fee petitions. Finally, neither order contained Rule 304(a) language. Attorney fees are directly related to the central dispute in a dissolution of marriage case and are not incidental. No circuit court order disposing of the fee petitions has been entered prior to the filing of the notice of appeal and, therefore, this court lacks jurisdiction to consider the appeal. Our ruling fulfills one of the purposes of the Act, which is to " 'encourage[ ] the court to decide all matters incident to the dissolution in a single judgment, to the fullest extent of its authority, in order to achieve finality, promote judicial economy, and avoid multiple litigations and complications which can result from the entry of partial judgments.' " *In re Marriage of Cohn*, 93 Ill.2d 190, 197 (1982) (quoting Ill. Ann. Stat., ch. 40, ¶ 401(3), Historical & Practice Notes, at 105 (Smith-Hurd 1980) (codified at 750 ILCS 5/401(3))).

¶ 35                              CONCLUSION

¶ 36    We grant the motion to dismiss which was taken with the case and dismiss the appeal for lack of jurisdiction.

¶ 37    Appeal dismissed.