2024 IL App (2d) 240021-U
No. 2-24-0021
Order filed October 11, 2024

**NOTICE:** This order was filed under Supreme Court Rule 23(b) and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT

| | | |
|---|---|---|
| LANA MUTILIN | ) | Appeal from the Circuit Court |
| | ) | of Lake County. |
| | ) | |
| Plaintiff-Appellant, | ) | |
| | ) | |
| v. | ) | No. 23-FA-391 |
| | ) | |
| OLEG SHKROBINETS, | ) | Honorable |
| | ) | Stephen M. DeRue, |
| Defendant-Appellee. | ) | Judge, Presiding. |

JUSTICE HUTCHINSON delivered the judgment of the court.
Justices Birkett and Mullen concurred in the judgment.

**ORDER**

¶ 1   *Held*:   We lack jurisdiction to consider this appeal where the record shows there remain outstanding matters in the trial court.

¶ 2   Appellant, Lana Mutilin, attempts to appeal the December 19, 2023, order modifying child support. However, as matters remain outstanding in the trial court, we lack jurisdiction to consider this appeal and accordingly, we must dismiss the appeal.

¶ 3                                    I. BACKGROUND

¶ 4   Lana Mutilin, appellant, and Oleg Shkrobinets, appellee, are parents of minor child A.S., born May 31, 2006. The parties were never married. Lana originally filed a petition to establish

parentage in Cook County case no. 2006-D-080833. Oleg's parentage was established, and in 2007, the Cook County court entered an order awarding joint custody to Oleg and Lana and requiring that Oleg pay child support to Lana. That case progressed until 2023, when the case was transferred from Cook County, Illinois, to Lake County, Illinois. On August 22, 2023, Lana filed a motion seeking to award sole custody to Oleg. After the parties participated in mediation, sole custody was awarded to Oleg in November of 2023.

¶ 5    Oleg then filed, among other things, a motion to terminate child support on September 6, 2023. The trial court also entered an order on this date prohibiting the parties from filing additional pleadings without prior leave of court.

¶ 6    A hearing was held on December 18, 2023, on Oleg's Motion for Contribution to Attorney's Fees (filed July 7, 2023) and Oleg's Motion to Terminate Child Support (filed September 6, 2023) (treated as a motion to modify child support). The trial court entered a written order on December 19, 2023. It denied Oleg's Motion for Contribution to Attorney's Fees. Regarding the motion to modify, it found that a substantial change in circumstance had occurred to warrant a modification of child support. The court imputed a $45,000 gross income to both Lana and Oleg, and ultimately ordered Lana to pay child support in the amount of $577 per month to Oleg, effective retroactively to November 9, 2023. It also reserved the issue of Oleg's child support arrearage. The court granted leave for Lana and Oleg to file contempt petitions, which were then filed instanter. The court set the petitions for hearing on March 11, 2024. A review of the Lake County, Illinois eCourt Portal shows that the contempt petitions are still pending and are currently set for hearing on November 13, 2024. See https://prod-portal-ecourt-lakecounty-il.journaltech.com/public-portal/?q=node/390/4374577.

¶ 7 On December 26, 2023, Lana filed a "Motion for Leave to File Motion," seeking a substitution of judge for cause on the basis that Judge DeRue did not appropriately calculate child support. Leave was granted, and the motion was denied by Judge Nerheim on February 5, 2024. On December 29, 2023, Lana filed a second "Motion for Leave to File Motion," alleging that Oleg filed something false on his financial affidavit. Based on the record, it does not appear that this was ruled upon. Lana filed a notice of appeal on January 5, 2024.

¶ 8                                    II. ANALYSIS

¶ 9 Before we are able to address the merits of this appeal, we must first address this court's jurisdiction. *In re Marriage of Duggan*, 276 Ill. App. 3d 725, 813. In Lana's opening brief, she states that this court has jurisdiction "pursuant to Article VI, Section 6 of the Illinois Constitution and Illinois Supreme Court Rules 301 and 303." After review of the briefs and the record in this case, this jurisdictional statement is not correct.

¶ 10 Article VI, Section 6 of the Illinois Constitution states that "[a]ppeals from final judgments of a Circuit Court are a matter of right to the Appellate Court***." Ill. Const. 1970, art. VI, § 6. Illinois Supreme Court Rule 301 (eff. Feb. 1, 1994) similarly states that "[e]very final judgment of a circuit court in a civil case is appealable as of right." Ill. S. Ct. R. 301 (eff. Feb. 6, 1994). Under Illinois Supreme Court Rule 303 (eff. July 1, 2017), a notice of appeal confers jurisdiction onto this court where it has been filed "within 30 days after the entry of the final judgment appealed from, or, if a timely posttrial motion directed against the judgment is filed *** within 30 days after the entry of the order disposing of the last pending postjudgment motion directed against that judgment or order." Ill. S. Ct. R. 303 (eff. July 1, 2017). Under these rules, jurisdiction can be conferred only if there has been a final order entered. "A final order must dispose of the rights of the parties as to the entire controversy or some part of the controversy, which is definite and

separate, so that nothing remains but an execution of the judgment." *In re Marriage of Petraitis*, 263 Ill. App. 3d 1022, 1038 (1993). "[T]he trial court retains jurisdiction in a case until it has disposed of all matters before the court." *Armour & Co. v. Mid–America Protein, Inc.*, 37 Ill.App.3d 75, 77 (1976). Here, there remain outstanding matters before the trial court. Namely, Lana and Oleg's contempt petitions. Thus, there is no final, appealable order or judgment.

¶ 11 However, Illinois Supreme Court Rule 304 (eff. Mar. 8, 2016) allows for appeals from final judgments that do not dispose of an entire proceeding so long as the trial court has made an express written finding that there is no just reason for delaying either enforcement, appeal, or both. Ill. S. Ct. R. 304 (eff. Mar. 8, 2016)[1]. In other words, if there are multiple claims involved in a proceeding, a party may appeal a final judgment as to one of the claims, if the trial court has made

---

[1] Certain judgments and order are appealable without a 304(a) finding: a judgment or order entered in the administration of an estate, guardianship, or similar proceeding which finally determines a right or status of a party; judgment or order entered in the administration of a receivership, rehabilitation, liquidation, or other similar proceeding which finally determines a right or status of a party and which is not appealable under Rule 307(a); a judgment or order granting or denying any of the relief prayed in a petition under section 2-1401 of the Code of Civil Procedure; a final judgment or order entered in a proceeding under section 2-1402 of the Code of Civil Procedure; an order finding a person or entity in contempt of court which imposes a monetary or other penalty; a custody or allocation of parental responsibilities judgment or modification of such judgment entered pursuant to the Illinois Marriage and Dissolution of Marriage Act (750 ILCS 5/101 et seq.) or Illinois Parentage Act of 2015 (750 ILCS 46/101 et seq.). Ill. S. Ct. R. 304(b) (eff. Mar. 8, 2016). None of these exceptions apply to the instant appeal.

an appropriate express written finding. *Id.* Here, there were multiple post-decree matters pending at the time the trial court entered its order on December 19, 2023: Lana and Oleg's contempt petitions. Under *In re Marriage of Crecos*, 2021 IL 126192, unrelated post-decree matters constitute separate claims, so that a final order disposing of one of several pending claims may not be appealed without a Rule 304(a) finding. *Crecos*, 2021 IL 126192, ¶ 45. Here, the December 19, 2023, court order disposed of one claim, but the contempt petitions remain pending. Additionally, the order does not contain a 304(a) finding. Accordingly, we lack jurisdiction and must dismiss this appeal.

¶ 12    After the pending matters have been resolved in the trial court, either party may file a timely notice of appeal. See *In re Marriage of Knoerr*, 377 Ill. App. 3d 1042, 1049-50 (2007).

¶ 13                                    III. CONCLUSION

¶ 14    For the reasons stated, we dismiss the appeal.

¶ 15    Appeal dismissed.