NOTICE
This Order was filed under
Supreme Court Rule 23 and is
not precedent except in the
limited circumstances allowed
under Rule 23(e)(1).

2021 IL App (4th) 200536-U

NO. 4-20-0536

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

FILED
October 8, 2021
Carla Bender
4th District Appellate
Court, IL

| | | |
|---|---|---|
| *In re* the Parentage of B.A.W., a Minor | ) | Appeal from the |
| | ) | Circuit Court of |
| (Sarah Z., | ) | Coles County |
|     Petitioner-Appellant, | ) | No. 11Fl34 |
|     v. | ) | |
| Chris W., | ) | |
|     Respondent | ) | |
| | ) | |
| (Nicki W., Third-Party Petitioner-Appellee)). | ) | Honorable |
| | ) | Brien J. O'Brien, |
| | ) | Judge Presiding. |

_____

PRESIDING JUSTICE KNECHT delivered the judgment of the court.
Justices DeArmond and Turner concurred in the judgment.

**ORDER**

¶ 1　　*Held*: The appellate court affirmed, concluding the circuit court's denial of Sarah Z.'s motion for attorney fees and costs did not constitute an abuse of the court's discretion.

¶ 2　　Sarah Z. appeals from the circuit court's judgment denying her motion for attorney fees and costs, arguing that denial constitutes an abuse of the court's discretion. We disagree and affirm.

¶ 3　　　　　　　　　　I. BACKGROUND

¶ 4　　Sarah Z. and Chris W. are the parents to B.A.W. (born September 7, 2008). In 2011, Sarah Z. and Chris W. entered into a joint parenting agreement, which set forth, amongst other things, a parenting time schedule. The joint parenting agreement and the parenting time schedule

set forth therein were later modified by agreement of the parties. Since July 2014, Chris W. was to have parenting time (1) every Wednesday from 8 a.m. to Thursday at 8 a.m., (2) every other weekend from Saturday at 5:30 p.m. to Monday at 8 a.m., (3) for two weeks when school was not in session, and (4) every other holiday.

¶ 5    On February 10, 2020, Nicki W., the wife of Chris W. and stepmother of B.A.W., filed a verified petition for visitation by a nonparent pursuant to section 602.9 of the Illinois Marriage and Dissolution of Marriage Act (Act) (750 ILCS 5/602.9 (West 2020)). In her petition, Nicki W. alleged Sarah Z. had "unreasonably denied visitation and contact" between her and B.A.W. after Chris W. began serving a three-year prison sentence on January 15, 2020. Nicki W. further alleged the denial of visitation and contact "caused [B.A.W.] undue mental, physical, or emotional harm." Attached to Nicki W.'s petition was a certificate of service indicating Nicki W. mailed a copy of the petition to both Sarah Z. and her former counsel of record that same day. A hearing was scheduled on Nicki W.'s petition for February 14, 2020.

¶ 6    On February 13, 2020, Sarah Z., through newly retained counsel, filed a motion to continue the hearing scheduled on Nicki W.'s petition for visitation.

¶ 7    On February 14, 2020, the circuit court held a telephone conference. According to a docket entry, the court granted Sarah Z.'s motion to continue and, upon notification Sarah Z. would be filing a motion to dismiss, directed the motion to be filed on or before March 6, 2020.

¶ 8    On March 3, 2020, Sarah Z. filed a response to Nicki W.'s petition for visitation, a motion for *in camera* interview of B.A.W., and a certificate of service indicating she served Nicki W. with a copy of interrogatories and a copy of a request to produce documents.

¶ 9    On April 2, 2020, the circuit court held a hearing on Sarah Z.'s motion for *in camera* interview. According to a docket entry, the court reserved ruling on the motion,

indicating it would determine whether an interview was necessary after it heard any other evidence from the parties.

¶ 10 On April 30, 2020, Nicki W. filed a certificate of service indicating she served Sarah Z. with a copy of her answers to interrogatories and copy of a response to the request to produce documents.

¶ 11 On June 2, 2020, the circuit court held a hearing on Nicki W.'s petition for visitation. At the hearing, Nicki W. testified about Sarah Z. limiting her visitation and contact with B.A.W. after Chris W. began serving a prison sentence on January 15, 2020, and produced exhibits showing the decrease in visitation and contact. Nicki W. further testified to her belief limiting her visitation and contact with B.A.W. would cause B.A.W. undue mental, physical, and emotional harm and attempted to elicit testimony from B.A.W.'s paternal aunt about the effect of the lack of recent visitation on B.A.W. but was unsuccessful in doing so. At the close of Nicki W.'s case, Sarah Z. moved for a judgment in her favor. The court granted Sarah Z.'s motion, finding no evidence had presented to demonstrate Sarah Z.'s actions caused undue harm to B.A.W. The court encouraged the parties to work together for the benefit B.A.W. Nicki W. did not appeal from the court's judgment.

¶ 12 On June 24, 2020, Sarah Z. filed a motion for attorney fees and costs pursuant to Illinois Supreme Court Rule 137(a) (eff. Jan. 1, 2018) and section 508(b) of the Act (750 ILCS 5/508(b) (West 2018)). In support, Sarah Z. argued Nicki W. pursued a frivolous action as demonstrated by the fact no evidence was presented at the hearing on her petition for visitation to set forth a *prima facie* case for relief.

¶ 13 On July 20, 2020, Nicki W. filed a response to Sarah Z.'s motion for attorney fees and costs. In her response, Nicki W. asserted her petition for visitation was "filed upon a good

faith bases [*sic*] and desire to maintain visitation with [B.A.W.] while [Chris W.] is incarcerated."
Nicki W. further asserted it was reasonable to believe restricting a child's access to an incarcerated
parent's spouse would be harmful to the child's mental and emotional health.

¶ 14 On September 24, 2020, the circuit court held a telephone conference. According
to a docket entry, the court took Sarah Z.'s motion for attorney fees and costs under advisement
after Sarah Z. and Nicki W. agreed to a ruling on the motion without further hearing.

¶ 15 On September 28, 2020, the circuit court entered a docket entry denying Sarah Z.'s
motion for attorney fees and costs. According to the docket entry, the court reached its decision
after reviewing and considering the motion and its response as well as the petition for visitation
and the evidence presented at the hearing on the petition. The court explained, "Even though the
court granted [Sarah Z.'s] motion for a directed finding at the close of [Nicki W.'s] evidence, the
court finds that [Nicki W.] did NOT file and pursue her petition for an improper purpose in
violation of [section 508(b)] or in violation of [Rule 137(a)]."

¶ 16 This appeal followed.

¶ 17 II. ANALYSIS

¶ 18 On appeal, Sarah Z. argues the circuit court's denial of her motion for attorney fees
and costs constitutes an abuse of the court's discretion. Nicki W. disagrees.

¶ 19 Sarah Z. sought attorney fees and costs pursuant to Illinois Supreme Court Rule
137(a) (eff. Jan. 1, 2018). Rule 137(a) provides, in pertinent part, the following:

> "Every pleading, motion and other document of a party represented
> by an attorney shall be signed by at least one attorney of record in
> his individual name, whose address shall be stated. *** The
> signature of an attorney or party constitutes a certificate by him that

he has read the pleading, motion or other document; that to the best of his knowledge, information, and belief formed after reasonable inquiry it is well grounded in fact and is warranted by existing law or a good-faith argument for the extension, modification, or reversal of existing law, and that it is not interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation. *** If a pleading, motion, or other document is signed in violation of this rule, the court, upon motion or upon its own initiative, may impose upon the person who signed it, a represented party, or both, an appropriate sanction, which may include an order to pay to the other party or parties the amount of reasonable expenses incurred because of the filing of the pleading, motion or other document, including a reasonable attorney fee." *Id.*

The plain language of Rule 137(a), therefore, authorizes a court to impose sanctions against a party or counsel, such as the obligation to pay the other side's attorney fees and costs, for filing a motion or pleading which is (1) not well-grounded in fact; (2) not supported by existing law or lacks a good-faith basis for the modification, reversal, or extension of the law; or (3) interposed for any improper purpose. *McCarthy v. Taylor*, 2019 IL 123622, ¶ 19, 155 N.E.3d 359.

¶ 20        Sarah Z. also sought attorney fees and costs pursuant to section 508(b) of the Act (750 ILCS 508(b) (West 2018)). Section 508(b) provides, in pertinent part, the following:

"If at any time a court finds that a hearing under this Act was precipitated or conducted for any improper purpose, the court shall

> allocate fees and costs of all parties for the hearing to the party or counsel found to have acted improperly. Improper purposes include, but are not limited to, harassment, unnecessary delay, or other acts needlessly increasing the cost of litigation." *Id.*

The plain language of section 508(b), therefore, requires a court, if it determines a hearing was precipitated or conducted for any improper purpose, to allocate fees and costs for the hearing to the party or counsel found to have acted improperly.

¶ 21 The circuit court found Sarah Z. was not entitled to attorney fees and costs pursuant to Rule 137(a) or section 508(b) and, therefore, denied her motion for attorney fees and costs. On review, a circuit court's denial of a motion for attorney fees and costs pursuant to Rule 137 or section 508(b) will not be overturned absent an abuse of the circuit court's discretion. *Enbridge Pipeline (Illinois), LLC v. Hoke*, 2019 IL App (4th) 150544-B, ¶ 49, 123 N.E.3d 1271; *In re Marriage of Michaelson*, 359 Ill. App. 3d 706, 715, 834 N.E.2d 539, 547 (2005). A court "abuses its discretion when no reasonable person would agree with its decision." *Enbridge Pipeline*, 2019 IL App (4th) 150544-B, ¶ 49.

¶ 22 Based upon the argument Sarah Z. presented to the circuit court in support of her motion for attorney fees and costs, the circuit court's denial of Sarah Z.'s motion does not constitute an abuse of the court's discretion. In support of her motion, Sarah Z. argued Nicki W. pursued a frivolous action as demonstrated by the fact no evidence was presented at the hearing on her petition setting forth a *prima facie* case for relief. The failure to set forth a *prima facie* case at a hearing does not, necessarily, establish the pleading was not well grounded in fact and warranted by existing law or a good-faith argument for the extension, modification, or reversal of existing law. The failure to set forth a *prima facie* case at a hearing also does not, necessarily,

establish the petition was filed or pursued for an improper purpose.

¶ 23 Sarah Z. further crafts new arguments on appeal in support of her motion for attorney fees and costs. Even if these arguments had been presented below, the circuit court's denial of Sarah Z.'s motion would not constitute an abuse of the court's discretion. First, Sarah Z. argues a review of the record demonstrates Nicki W. never had any facts supporting her allegations that the denial of visitation and contact was unreasonable or that the denial caused B.A.W. undue mental, physical, or emotional harm. We disagree. Neither Nicki W. nor her counsel was examined about the factual bases for the allegations in the verified petition. Second, Sarah Z. argues Nicki W. pursued her petition for an improper purpose as evidenced by the petition being filed before the statute permitted and by her attempt to have a hearing on the petition four days after it was filed. We disagree. The alleged early filing of the petition and scheduling of a hearing does not, necessarily, establish the petition was pursued for an improper purpose.

¶ 24 Ultimately, the record shows the circuit court reviewed and considered the motion for attorney fees and costs and the response thereto as well as the petition for visitation and the evidence presented at the hearing on the petition prior to reaching its finding Sarah Z. was not entitled to attorney fees and costs pursuant to Rule 137(a) or section 508(b). Based upon the record presented, we find the court's denial of Sarah Z.'s motion does not constitute an abuse of the court's discretion.

¶ 25 III. CONCLUSION

¶ 26 We affirm the circuit court's judgment.

¶ 27 Affirmed.