2021 IL App (1st) 200969-U

SIXTH DIVISION
October 22, 2021

No. 1-20-0969

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

IN THE APPELLATE COURT OF ILLINOIS
FIRST JUDICIAL DISTRICT

| | | |
|---|---|---|
| *In re* THE MARRIAGE OF: | ) | |
| | ) | Appeal from the Circuit Court |
| COLLEEN JORDAN, | ) | of Cook County, |
| | ) | |
| Petitioner-Appellee, | ) | |
| | ) | No. 14 D 10344 |
| and | ) | |
| | ) | |
| JUSTIN SPRATT, | ) | Honorable |
| | ) | Timothy Murphy, |
| Respondent-Appellant. | ) | Judge Presiding. |

PRESIDING JUSTICE MIKVA delivered the judgment of the court.
Justices Harris and Oden Johnson concurred in the judgment.

**O R D E R**

¶ 1    *Held*:    We reverse the circuit court's order awarding petitioner's request for attorney fees pursuant to section 508(b) of the Illinois Marriage and Dissolution of Marriage Act where the record shows that the hearing in question was neither precipitated nor conducted for an improper purpose.

¶ 2    Respondent Justin Spratt appeals from the circuit court's orders granting petitioner Colleen Jordan's petition for attorney fees and denying in part his motion to reconsider that award of fees. On appeal, Mr. Spratt argues that the circuit court erred in granting Ms. Jordan's petition for fees pursuant to section 508(b) of the Illinois Marriage and Dissolution of Marriage Act (Act) (750

ILCS 5/508(b) (West 2018)). For the following reasons, we reverse the award of attorney fees.

¶ 3                                    I. BACKGROUND

¶ 4      Mr. Spratt and Ms. Jordan were married on March 11, 2006, and during their marriage had two children. An agreed judgment for dissolution of marriage was entered on April 7, 2015, granting the parties joint custody of the minor children. On March 19, 2018, Ms. Jordan filed a motion to relocate the minor children to California, which the circuit court allowed, after a hearing, on January 15, 2019.

¶ 5      On February 14, 2019, Mr. Spratt filed a *pro se* motion to reconsider the relocation. In support of the motion, Mr. Spratt attached an unredacted copy of Ms. Jordan's tax return, which included her social security number as well as the social security numbers of both minor children.

¶ 6      The following day, Ms. Jordan filed an emergency motion to "redact and/or file under seal" and to strike Mr. Spratt's motion to reconsider. In the motion, Ms. Jordan argued that Mr. Spratt had "knowingly and willfully" attached her tax return to his motion, that she had incurred fees as a result of bringing the emergency motion to redact, and that she was entitled to reasonable attorney fees under Illinois Supreme Court Rule 138(f)(2) (eff. Jan. 1, 2018).

¶ 7      On February 19, 2019, Mr. Spratt filed an amended motion to reconsider, with the social security numbers on the attached tax return redacted. The same day, he also filed an "emergency motion re child endangerment of the minor children," alleging that Ms. Jordan was endangering the minor children "by having them stay in a house she testified was uninhabitable." Mr. Spratt asked the court to "ascertain the status of the building" in question and to remove the children or return the children to him if the building was found to be a danger to them.

¶ 8      On February 20, 2019, the circuit court entered an agreed order to file Mr. Spratt's February

motion to reconsider under seal. The court also struck Mr. Spratt's emergency motion as to child endangerment because it was "legally insufficient and d[id] not state a cause of action." The court granted Ms. Jordan leave to file a fee petition for the fees incurred as a result of her filing the emergency motion to redact.

¶ 9    Ms. Jordan filed her petition for attorney fees on February 26, 2019, asking for fees pursuant to both Rule 138(f)(2) and section 508(b) of the Act.

¶ 10    Rule 138(f) provides that if a filing includes a party's personal identity information, that party may move to have the information redacted, and that "[i]f the court finds the inclusion of personal identity information in violation of this rule was willful, the court may award the prevailing party reasonable expenses, including attorney fees and court costs." Ill. S. Ct. R. 138(f)(1), (2) (eff. Jan. 1, 2018).

¶ 11    Section 508(b) of the Act provides:

"In every proceeding for the enforcement of an order or judgment when the court finds that the failure to comply with the order or judgment was without compelling cause or justification, the court shall order the party against whom the proceeding is brought to pay promptly the cost and reasonable attorney's fees of the prevailing party. ***If at any time a court finds that a hearing under this Act was precipitated or conducted for any improper purpose, the court shall allocate fees and costs of all parties for the hearing to the party or counsel found to have acted improperly. Improper purposes include, but are not limited to, harassment, unnecessary delay, or other acts needlessly increasing the cost of litigation." 750 ILCS 5/508(b) (West 2018).

¶ 12    In her petition for fees, Ms. Jordan argued that Mr. Spratt "knowingly and willfully"

attached the unredacted tax return to his motion and she was thus entitled to fees under Rule 138(f)(2). Ms. Jordan also argued that because Mr. Spratt's 20-page, single-spaced motion to reconsider "was brought for the sole purpose of harassing [her] and delaying the enforcement of [the] court's removal order," she was entitled to fees under section 508(b) of the Act. Ms. Jordan requested $2750 in fees.

¶ 13    On April 26, 2019, the circuit court denied Mr. Spratt's motion to reconsider the relocation. On May 30, 2019, the circuit court entered a written order granting Ms. Jordan's petition for attorney fees. The court's order focused exclusively on section 508(b) of the Act. The court's order noted that section 508(b) does not require a finding that any violation of an order or judgment under that section was intentional. The court found that Mr. Spratt "necessitated" Ms. Jordan filing an emergency motion, and that his "attachment of [Ms. Jordan's] tax returns, Social Security number and those of the children was an improper purpose which resulted in needlessly increasing the cost of litigation." The court awarded Ms. Jordan $2595.

¶ 14    On June 27, 2019, Mr. Spratt moved to reconsider the award of attorney fees, arguing that the court erred in awarding fees under section 508(b) because the court did not find he failed to comply with any court order or judgment. Mr. Spratt also argued that the motion he filed to which he attached the tax return was not filed for an "improper purpose."

¶ 15    On August 23, 2019, the circuit court denied Mr. Spratt's motion to reconsider the award of fees, although it did reduce the sum of the fees awarded to Ms. Jordan by $300, to $2295.

¶ 16    Mr. Spratt now appeals from the circuit court's order of May 30, 2019, granting Ms. Jordan's petition for attorney fees, and the order of August 23, 2019, denying his motion to reconsider that award of attorney fees.

¶ 17                                    II. JURISDICTION

¶ 18    On September 23, 2019, Mr. Spratt filed a notice of appeal from the court's orders of May 30 and August 23, 2019 (appeal No. 1-19-1948). The same day, Mr. Spratt also filed a motion to reconsider the contribution amount awarded in the August 23, 2019, order. Then, on October 15, 2019, Mr. Spratt filed a motion to relocate his children back to Chicago.

¶ 19    On March 20, 2020, we dismissed appeal No. 1-19-1948 for lack of jurisdiction, finding that, because other motions were pending at the time Mr. Spratt filed his notice of appeal, Mr. Spratt needed to request that the circuit court add Illinois Supreme Court Rule 304(a) (eff. March 8, 2016) language to the orders he was trying to appeal. *In re Marriage of Jordan & Spratt*, case No. 1-19-1948, slip. op. at 3 (2020) (unpublished summary order under Illinois Supreme Court Rule 23(c)). We followed this court's decision in *In re Marriage of Teymour & Mostafa*, 2017 IL App (1st) 161091, ¶ 41, which held that that "a final order disposing of one of several claims may not appealed" without an express Rule 304(a) finding. This holding in *Teymour* was later approved of by our supreme court in *In re Marriage of Crecos*, 2021 IL 126192, ¶¶ 44, 45.

¶ 20    At the time we issued our March 20, 2020, order, however, we were not aware that the circuit court had denied all the pending motions in this case on November 13, 2019. Those November 13, 2019, orders were entered after the record on appeal in case No. 1-19-1948 had been prepared, and thus our review of the record revealed the pending motions but not the fact that they had all already been resolved.

¶ 21    On September 11, 2020, Mr. Spratt filed a second notice of appeal, 10 months after the orders he was attempting to appeal were made final by virtue of the circuit court's orders of November 13, 2019. But by this point his notice of appeal was untimely. At our suggestion, Mr.

Spratt filed a motion in our supreme court pursuant to Illinois Supreme Court Rule 383 (eff. July 1, 2017), seeking leave to file a late notice of appeal in this case. On October 1, 2021, our supreme court allowed Mr. Spratt's motion and issued a supervisory order directing us to give leave to Mr. Spratt to file a late notice of appeal. *Spratt v. Appellate Court, First District*, No. 127635 (2021) (supervisory order).

¶ 22    As this history demonstrates, a *pro se* litigant like Mr. Spratt, and even a represented litigant or an appellate court panel, can easily be confused as to the proper time frames for appealing a post-dissolution order.

¶ 23    In light of our supreme court's supervisory order, we can and we will treat Mr. Spratt's September 11, 2020, notice of appeal as a properly filed late notice of appeal. We thus have jurisdiction pursuant Illinois Supreme Court Rule 301 (eff. Feb. 1, 1994) and Rule 303 (eff. July 1, 2017), governing appeals from final judgments entered by the circuit court in civil cases.

¶ 24                                    III. ANALYSIS

¶ 25    Turning to the merits of the appeal, Mr. Spratt argues that the circuit court erred in granting Ms. Jordan's petition for fees pursuant to section 508(b) of the Act. Ms. Jordan has not filed a brief, so we consider this issue on Mr. Spratt's *pro se* brief alone.

¶ 26    Generally, we review the court's ruling on a petition for attorney fees under the Act for an abuse of discretion. *In re Marriage of Harrison*, 388 Ill. App. 3d 115, 120 (2009). "However, determining whether the circuit court applied the correct standard when it awarded the fees requires interpretation of section 508 of the Act, which is a legal question that [we] review[ ] *de novo*." *In re Marriage of Heroy*, 2017 IL 120205, ¶ 13. In interpreting a statute, we "must ascertain and give effect to the intent of the legislature," and the first thing we do is look to the plain language of the

statute. *Id.* "Where the language is clear and unambiguous, the court applies the statute without resort to further aids of construction." *Id.*

¶ 27    Although Ms. Jordan brought her motion for fees pursuant to both Rule 138(f)(2) and section 508(b) of the Act, it is clear the circuit court awarded her fees solely under section 508(b). Section 508(b) sets out two circumstances under which a court may award fees: (1) where the court finds the failure to comply with an order or judgment was without cause; and (2) where the court finds that a hearing was "precipitated or conducted for any improper purpose." In this case, the court awarded Ms. Jordan fees under section 508(b) based on its determination that Mr. Spratt "necessitated" Ms. Jordan's emergency motion, and that Mr. Spratt's attachment of the tax return to his motion was an improper purpose.

¶ 28    As Mr. Spratt points out, he did not violate any court order or judgment. Rather, the court relied on the part of the statute that provides for fees where a hearing is precipitated or conducted for an improper purpose. However, we do not agree that any hearing in this case was either precipitated or conducted for an improper purpose.

¶ 29    The hearing that the circuit court cited was the one held on Ms. Jordan's emergency motion to file the motion to reconsider under seal. The circuit court certainly could have found that Mr. Spratt caused or precipitated that hearing by virtue of his filing the motion to reconsider, which included the attached unredacted documents. However, the court's explanation for finding that Mr. Spratt had an "improper purpose" in doing so is simply not in keeping with the statute. The circuit court noted that the tax return would not be considered on the motion to reconsider because it had not been admitted at trial and thus Mr. Spratt's attempt to have the court consider it was an "improper use" of a motion to reconsider.

¶ 30    However, an improper use of a document is simply not the same as an improper purpose in filing a motion. The statute defines improper purpose as including but not being limited to "harassment, unnecessary delay, or other acts needlessly increasing the cost of litigation." 750 ILCS 5/508(b) (West 2018). Thus, section 508(b) fees have been imposed where litigants filed motions that lack any legitimate basis. See, *e.g.*, *In re Marriage of Schuff*, 2015 IL App (2d) 140297-U, ¶ 73 (upholding fees under the "improper purpose" provision of section 508(b) where the circuit court found that the filing of a petition to modify maintenance " 'was done without compelling cause or justification' " as it was "based on the intentional manipulation of assets as opposed to a legitimate change in circumstances."); *In re Marriage of Lengerich*, 2014 IL App (1st) 123754-U, ¶ 16 (upholding an award of fees under section 508(b) where the "[r]espondent's fraudulent concealment led to more than eight years of litigation as the court attempted to properly determine [the] respondent's child support obligations"). We do not cite these unpublished cases as precedent, but simply to show examples of the intentional litigant behaviors that courts have found satisfied the "improper purpose" requirement.

¶ 31    Here, by filing his motion to reconsider, Mr. Spratt legitimately sought to have the court reverse its order allowing his former wife to relocate his children from Chicago to California. Mr. Spratt has vigorously sought to have the circuit court or this court rescind permission to Ms. Jordan to move his children across the country. See *In re Marriage of Jordan and Spratt*, 2019 IL App (1st) 191031-U (unpublished order under Illinois Supreme Court Rule 23). His desire to have them returned to Chicago appears to be quite genuine and nothing suggests that his request to have the court reconsider was made for any improper purpose.

¶ 32    There is also nothing to suggest that he attached tax return to his motion to reconsider with

the "improper purpose" of revealing Ms. Jordan's personal identity information. Indeed, in immediate response to Ms. Jordan's emergency motion to redact or seal, Mr. Spratt filed an amended motion to reconsider with the redacted tax return attached. He also agreed to refile his motion to reconsider under seal. There is no basis in this record for finding that Mr. Spratt had any improper purpose in filing his motion to reconsider or the attachments thereto. Thus, the hearings that resulted from that filing were not "precipitated or conducted" for an "improper purpose."

¶ 33    Because there is no basis in the Act or in the supreme court rules for a fee award in this case, the fees awarded by the circuit court to Ms. Jordan were erroneously awarded. Accordingly, we reverse the circuit court's judgments of May 30, 2019, and August 23, 2019.

¶ 34                                    IV. CONCLUSION

¶ 35    For the foregoing reasons, we reverse the May 30, 2019, and August 23, 2019, orders of the circuit court.

¶ 36    Reversed.