2025 IL App (1st) 241713-U

FOURTH DIVISION
Order filed: May 8, 2025

No. 1-24-1713, 1-24-2175 (cons.)

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

_____

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

_____

| | | |
|---|---|---|
| *In re* MARRIAGE OF: | ) | Appeal from the |
| | ) | Circuit Court of |
| ANNE MARIE MALONEY, | ) | Cook County. |
| | ) | |
| Petitioner-Appellee, | ) | |
| | ) | No. 16D8266 |
| and | ) | |
| | ) | |
| EDWARD J. MALONEY, | ) | Honorable |
| | ) | Michael Forti, |
| Respondent-Appellant. | ) | Judge, presiding. |

_____

JUSTICE HOFFMAN delivered the judgment of the court.
Presiding Justice Rochford and Justice Lyle concurred in the judgment.

## ORDER

¶ 1    *Held*:  The circuit court's order requiring the respondent to contribute to attorney and guardian *ad litem* fees incurred by the petitioner is affirmed in part, vacated in part and remanded. The circuit court did not abuse its discretion in determining that the respondent was required to contribute to fees under Section 508(b) of the Illinois Marriage and Dissolution of Marriage Act. The circuit court abused its discretion by declining to hold an evidentiary hearing on the fee petition to determine a reasonable fee award.

¶ 2     The respondent, Edward J. Maloney ("Edward"), appeals from the order of the Circuit Court of Cook County ordering him to contribute to attorney and guardian *ad litem* fees incurred by the petitioner, Anne Marie Maloney ("Anne"), in relation to a hearing on Edward's petition for a modification of parenting time after the parties' divorce. For the reasons which follow, we affirm the circuit court's order in part, vacate in part, and remand for further proceedings.

¶ 3     The parties were married on April 1, 2006, and had three children that were born during the marriage: K.M (born in 2006), L.M. (born in 2009), and C.M. (born in 2012). On September 6, 2016, Anne filed a petition for dissolution of marriage. On January 26, 2017, Howard Rosenberg was appointed guardian *ad litem* to represent the interest of the parties' children.

¶ 4     On September 13, 2019, after a four-day trial, the circuit court entered a Judgement of Dissolution of Marriage and a separate Allocation Judgment and Parenting Plan ("Allocation Judgment"). The Allocation Judgment granted the majority of parenting time to Anne. Edward was granted parenting time on alternating weekends for a total of 3 nights every 14 days. Edward also was granted "dinner" visits every Wednesday night from after the children finished school until 7:30 P.M. The Allocation Judgment ordered Edward to attend reunification therapy with the children, and after 90 days the reunification therapist would provide a letter to the circuit court with her recommendation whether alternating Wednesday night "dinner" visits should be converted to an overnight visit. The Allocation Judgment provided that the circuit court would review the letter from the reunification therapist, and "if the parties disagree, [the circuit court] shall ultimately decide" whether Edward would be granted additional overnight visits.

¶ 5     On February 6, 2020, Edward filed a Petition to Modify Parenting Schedule and for Other Relief ("Petition to Modify"). In the Petition to Modify, Edward sought additional overnight visits

with the children every Wednesday night and alternating Thursday nights for a total of 6 nights every 14 days. Edward argued that the Allocation Judgment provided for a 90-day review of his parenting time and his requested change was a "minor modification to the Allocation Judgment" and, therefore, he was not required to show of a change in circumstances under 750 ILCS 5/610.5(e)(2) (West 2020). Edward alternatively argued that there was a substantial change in circumstances justifying additional parenting time based on his improved relationship with the children.

¶ 6     On November 18, 2020, the circuit court ordered the guardian *ad litem* to provide a written report to the court and the parties. The guardian *ad litem* provided an initial report on January 27, 2021, which recommended against additional parenting time for Edward. The guardian *ad litem* provided a supplemental report on August 4, 2021, which maintained a recommendation against additional parenting time for Edward. On August 11, 2021, while addressing Edward's request to continue the hearing on the Petition to Modify, the circuit court commented on Edward's likelihood of success at a hearing:

> "I think I made it very clear to [Edward's attorney] as well as to [Edward] that given what Howard Rosenberg has said up until now, their chances of ultimately prevailing are not very high, but I will keep an open mind. They want their day in court. I think they should get it."

¶ 7     A hearing was held on the Petition to Modify over four court dates on September 22, 2021, November 4, 2021, December 10, 2021, and December 16, 2021. For his case-in-chief Edward called his personal therapist Nikki Levine, his sister Erin O'Grady, and he testified on his own behalf. Edward did not call the guardian *ad litem* as a witness. Levine testified about Edward's efforts in therapy and strategies they discussed for Edward to implement into his relationship with his children. O'Grady testified about her observations of Edward's relationship with his children.

Edward testified about his efforts in individual therapy as well as in joint therapy with K.M. He testified that he believed his relationship with the children had improved since the divorce. On cross-examination, he admitted that the reunification therapist did not recommend additional parenting time in her letter issued to the court on January 22, 2020, but rather suggested the parties "re-visit the discussion regarding increased overnights after spring break" to allow more time to address the children's concerns. He acknowledged that he stopped attending reunification therapy shortly after the letter based on the agreement of the parties.

¶ 8      At the conclusion of Edward's case, Anne moved for a directed finding to deny the Petition to Modify. She argued that Edward failed to provide any evidence that there was a substantial change in circumstances that justified modifying the Allocation Judgment, and that his request of additional overnight visits was not a minor modification. After hearing arguments from the parties, the circuit court entered and continued the motion without ruling, and later denied the motion.

¶ 9      Anne called the guardian *ad litem* Howard Rosenberg as her sole witness. Rosenberg's initial and supplemental report were both admitted into evidence. He testified about his conversations with the children throughout 2021, during which K.M. and L.M. expressed frustration about Edward's behavior towards them and stated that their relationship with Edward had not changed. Rosenberg stated that neither K.M. nor L.M. wanted to spend additional time with Edward. He testified that he believed that it was not in the best interest of the children for Edward to have any additional parenting time, as granting additional parenting time to Edward would make the children feel like their concerns were not heard. After Rosenberg's testimony, Anne renewed her motion to deny the Petition to Modify, which was denied by the circuit court. After hearing closing arguments, the circuit court took the matter under advisement.

¶ 10    On January 5, 2022, the circuit court entered an order denying the Petition to Modify. In its oral ruling the circuit court stated that "[i]n hindsight, speaking candidly, perhaps the Court should have ruled on the papers and denied the petition" because the reunification therapy was never completed, and the reunification therapist did not recommend additional parenting time for Edward in her letter on January 22, 2020. The circuit court then stated "[h]owever, the Court was persuaded and believed that [Edward] should have his day in court." The circuit court found that additional parenting time for Edward was not in the best interest of the children based on the testimony of the guardian *ad litem* at the hearing and the fact that the reunification therapist "did not affirmatively recommend any additional parenting time". The circuit court further found as "dicta" that Edward failed to show there was a substantial change in circumstances.

¶ 11    On February 4, 2022, Anne filed a Petition for Contribution to Attorney's Fees ("Fee Petition") under Sections 508(a) and (b) of the Illinois Marriage and Dissolution of Marriage Act ("the Act"). The Fee Petition sought contribution for attorney and guardian *ad litem* fees incurred by Anne while defending against Edward's Petition to Modify. Anne's claim under Section 508(b) argued that Edward acted with an improper purpose by filing the Petition to Modify and proceeding to a hearing, given the lack of any basis for any additional parenting time. Anne later withdrew her claim under Section 508(a) of the Act.

¶ 12    The circuit court held a hearing on the Fee Petition on August 11, 2022. Edward requested an evidentiary hearing to have the opportunity to question Anne's attorneys regarding billing statements that had been produced to Edward and the circuit court, but were not formally admitted as evidence. The circuit court denied Edward's request for an evidentiary hearing, stating that it would conduct a summary hearing and not conduct a line-by-line review of billing statements. The

circuit court then heard the positions of each of Anne's attorneys regarding the amount of time spent by each attorney defending against the Petition to Modify, their hourly rates, and Anne's entitlement to contribution to fees under Section 508(b). Edward argued that filing and proceeding to a hearing on the Petition to Modify was not for an improper purpose under Section 508(b), and the circuit court's denial of Anne's motion for a directed finding during the hearing meant that he at least presented a *prima facie* case. Edward also argued that the fees sought were unreasonable as Anne "double billed" by having two attorneys present for all hearings.

¶ 13   On March 25, 2024, the circuit court entered a written order granting in part and denying in part the Fee Petition. The circuit court did not find that Edward acted with an improper purpose by filing the Petition to Modify, but found that Edward's decision to proceed to a four-day hearing on the petition needlessly increased the cost of litigation. The circuit court observed that while it previously stated that Edward should have "his day in court", that did not require Edward to proceed to a hearing after evaluating his likelihood of success in light of the recommendation of the guardian *ad litem*. The circuit court explained that it denied Anne's motion for a directed finding not because Edward presented a *prima facie* case, but because it was required to consider the totality of the evidence to consider the best interest of the children, and Edward did not call the guardian *ad litem* as a witness. The circuit court found that Edward was required to contribute to fees for Anne's attorneys and the guardian *ad litem* that were incurred preparing for and appearing at the hearing on the Petition to Modify, and ordered the production of billing statements to determine the amount that Edward would be required to contribute.

¶ 14   After receiving billing statements and allowing Edward an opportunity to file a written objection to the fees claimed, the circuit court held a hearing on May 7, 2024. At the hearing, the

circuit court heard the positions of each of Anne's attorneys regarding the fees sought, and questioned them regarding some of the objections raised by Edward. Edward renewed his request for an evidentiary hearing to cross-examine Anne's attorneys and point out entries that overlapped or were unrelated to the hearing on the Petition to Modify. Edward also argued that the fees claimed were unreasonable due to Anne having two attorneys present, that all three attorneys spent excessive time preparing for the hearing, and that the hourly rates claimed were excessive. The circuit court concluded that an evidentiary hearing was unnecessary, and that it would review the statements and determine the amount that Edward was required to contribute.

¶ 15    On July 30, 2024, the circuit court entered a written order finding the billing statements submitted by the Anne's attorneys and the guardian *ad litem* regarding work performed in relation to the hearing on the Petition to Modify were fair and reasonable. The circuit court ordered Edward to contribute to fees billed by Anne's attorneys and the guardian *ad litem* as follows: attorney Shannon Quinn's fees of $30,767.55, attorney Howard Rosenfeld's fees of $17,800, and 50% of the guardian *ad litem* Howard Rosenberg's fees equating to $8,302.50.

¶ 16    On August 26, 2024, Anne filed a motion to reconsider the circuit court's order of July 30, 2024, seeking to correct errors in the order and asking the circuit court to specify a date by which Edward was required to pay the fee award. On August 27, 2024, Edward filed a notice of appeal from the circuit court's order of July 30, 2024, which was docketed in this court as 1-24-1713. On October 15, 2024, the circuit court issued an order granting Anne's motion to reconsider and correcting the order of July 30, 2024. On October 30, 2024, Edward filed a second notice of appeal, which was docketed in this court as 1-24-2175. This court consolidated both appeals on November 13, 2024, and this appeal follows.

¶ 17    On appeal, the Edward argues that (1) the circuit court erred in requiring him to contribute to Anne's attorney fees under Section 508(b) based on his decision to proceed to a hearing on his Petition to Modify, and (2) the circuit court denied him due process by denying his request for an evidentiary hearing on the Fee Petition, and erred in its determination of the reasonableness of the fees claimed.

¶ 18    In support of his argument that the circuit court erred in finding that contribution to Anne's fees was warranted under Section 508(b) based on his decision to proceed to a hearing on his Petition to Modify, Edward asserts that the Petition to Modify was filed in good faith and did not warrant the imposition of Section 508(b) fees on the basis that he acted with an improper purpose by filing the petition and proceeding to a hearing. Anne argues that the circuit court did not abuse its discretion in finding that Edward acted with an improper purpose for insisting on proceeding to a multi-day hearing on the Petition to Modify despite its lack of merit. We agree with Anne.

¶ 19    Section 508(b) of the Act provides, in relevant part:

> "If at any time a court finds that a hearing under this Act was precipitated or conducted for any improper purpose, the court shall allocate fees and costs of all parties for the hearing to the party or counsel found to have acted improperly. Improper purposes include, but are not limited to, harassment, unnecessary delay, or other acts needlessly increasing the cost of litigation."
> 750 ILCS 5/508(b) (West 2024).

A fee award under Section 508 of the Act will not be overturned absent a clear abuse of discretion. *In re Marriage of Michaelson*, 359 Ill. App. 3d 706, 715 (2005). "A trial court abuses its discretion only where no reasonable person would take the view adopted by the trial court." *In re Marriage of Schneider*, 214 Ill. 2d 152, 173 (2005).

¶ 20    In support of his argument that fees were not warranted under Section 508(b), Edward cites *In re Marriage of Jordan and Spratt*, 2021 IL App (1st) 200969-U. In that case, a former husband

acting *pro se* attached an unredacted tax return with social security numbers of his former wife and children to a motion to reconsider, which prompted an emergency motion from the former wife to redact the filing. *Id.* ¶¶ 5-6 The former husband filed an amended motion five days later with a redacted tax return. *Id.* ¶ 7. The former wife petitioned for attorney fees under Section 508(b) in connection with the emergency motion to redact, and the circuit court awarded the fees. *Id.* ¶ 13. This court reversed, holding that the former husband's improper use of an unredacted tax return did not mean that it was attached for an improper purpose, nor did it mean that the underlying motion to reconsider lacked a legitimate basis. *Id.* ¶¶ 30-33.

¶ 21 Edward argues that this court's holding in *Jordan and Spratt* suggests that his act of filing a petition to seek additional parenting time with his children and exercising his right to a hearing on that petition is not the kind of extreme conduct that is required to impose a fee award under Section 508(b). Anne points out, and we agree, that Section 508(b) contains no provision that requires the conduct to be extreme, only that it is done for an improper purpose, including "needlessly increasing the cost of litigation". 750 ILCS 5/508(b) (West 2024).

¶ 22 Here, the circuit court found that Edward's insistence on proceeding to a hearing on the Petition to Modify needlessly increased the cost of litigation under Section 508(b) of the Act. The circuit court observed that Edward proceeded to a hearing on the Petition to Modify despite repeated warnings about his low likelihood of success, and in the face of the recommendation of the guardian *ad litem* against any additional parenting time. Unlike *Jordan and Spratt*, this is not a simple mistake by a *pro se* party that was immediately corrected, this was a protracted fight on a Petition to Modify that sought to nearly double Edward's parenting time, despite a lack of any recommendation of additional parenting time from the guardian *ad litem*. Given those

circumstances, a reasonable person could have found that Edward's insistence in proceeding to a hearing on the Petition to Modify needlessly increased the cost of litigation.

¶ 23    Edward argues that because the Allocation Judgment provided for a 90-day review of his parenting time, the Petition to Modify followed the terms of the Allocation Judgment. This argument ignores the basis for the circuit court's finding, which was that Edward needlessly increased the cost of litigation by proceeding to a hearing on the Petition to Modify, not because the petition itself was filed for an improper purpose. Regardless of whether the Petition to Modify was filed in good faith or was warranted by the Allocation Judgment, the circuit court's conclusion was that Edward's decision to proceed to a hearing needlessly increased the cost of litigation.

¶ 24    Edward also argues that the circuit court's denial of Anne's motion for a directed finding meant that he presented a *prima facie* case at the hearing, which suggests that his decision to proceed to a hearing was warranted. Edward cites case law stating that, when considering a motion for a directed finding under Section 2-1110 of the Code of Civil Procedure, the circuit court must decide whether the plaintiff has presented a *prima facie* case. 735 ILCS 5/2-1100 (West 2024); see *Atkins v. Robbins, Salomon & Patt*, 2018 IL App (1st) 161961 ¶¶ 53-54. Edward also directs us to *In re B.A.W.*, 2021 IL App (4th) 200536-U, ¶¶ 11-12, 22, where this court found the circuit court's denial of a Section 508(b) fee petition was not an abuse of discretion, even though a stepparent failed to present a *prima facie* case at a hearing seeking visitation time, resulting in a directed finding. We concluded that "[t]he failure to set forth a *prima facie* case at a hearing [] does not, necessarily, establish the petition was filed or pursued for an improper purpose". *Id.* ¶ 22.

¶ 25    *B.A.W.* is distinguishable procedurally from this case as it involved an appeal from the denial of a fee petition, and it does not stand for a proposition that a petition that ultimately survives

a motion for a directed finding could not have needlessly increased the cost of litigation. In this case, the circuit court explained that its denial of the motion for a directed finding was partially based on Edward's decision not to call the guardian *ad litem* as a witness, as it felt it was required to consider the totality of the evidence to determine what was in the best interest of the children. We do not find that the circuit court's denial of Anne's motion for a directed finding meant that it found that Edward presented a *prima facie* case in this instance, nor does it mean that Edward's decision to proceed to a hearing did not needlessly increase the cost of litigation.

¶ 26    As a reasonable person could have found that Edward's decision to proceed to a hearing on the Petition to Modify needlessly increased the cost of litigation, the circuit court did not abuse its discretion when it ordered Edward to contribute to Anne's attorney fees under Section 508(b) of the Act.

¶ 27    Edward's second argument on appeal is that the circuit court denied him due process by denying his request for an evidentiary hearing on the Fee Petition, and erred in its determination of the amount of fees awarded. Anne argues that the circuit court was not required to hold an evidentiary hearing on the Fee Petition, and its determination of the amount of fees owed was not an abuse of discretion. We agree with Edward that the circuit court erred when it denied his request for an evidentiary hearing on the Fee Petition to determine the reasonableness of the fees sought.

¶ 28    Due process requires "notice and an opportunity for a hearing appropriate for the nature of the case." *In re Marriage of Beyer and Parkis*, 324 Ill. App. 3d 305, 318 (2001). The determination of whether a party has been denied due process is reviewed *de novo*. *In re Marriage of Doe*, 2024 IL App (1st) 230935, ¶ 59. However, the decision of whether to conduct an evidentiary hearing on an attorney fee petition is within the discretion of the circuit court *A.L. Dougherty Real Estate*

*Management Co. v. Su Chin Tsai*, 2017 IL App (1st) 161949, ¶ 46. An evidentiary hearing on a fee petition is required when the party opposing the petition creates an issue of fact "that cannot be resolved without further evidence." *Young v. Alden Gardens of Waterford, LLC*, 2015 IL (1st) 131887, ¶ 113.

¶ 29    This court has held that if a party opposing a fee petition under Section 508(b) requests a hearing, they are entitled to one. *In re Marriage of Eberhardt*, 387 Ill. App. 3d 226, 236-37 (2008). In *Eberhardt*, a party filed a fee petition under Section 508(b) and the party opposing the petition requested an evidentiary hearing where the attorney seeking fees would testify. *Id.* at 236. The circuit court denied the request for an evidentiary hearing, and decided the fee petition based on the parties' arguments, the attorney's billing statements, and the factors usually considered when awarding fees. *Id.* This court reversed in part and remanded for a hearing on the fee petition, holding that once a hearing was requested, the circuit court was obligated to conduct a separate hearing. *Id.* at 237. While *Eberhardt* did not specify the type of hearing that was required, we have held in cases outside the marriage context that when a party challenging the reasonableness of the fees sought presents detailed objections to a fee petition, they have the right to conduct cross-examination on the issue. See *Bank of America Nat. Trust & Sav. Ass'n v. Schulson*, 305 Ill. App. 3d 941, 952 (1999) ("The reasonableness of fees is a matter of proof, and a party ordered to pay attorney fees has the right to conduct meaningful cross-examination on the issue.").

¶ 30    Here, while the circuit court dedicated multiple hearings to the Fee Petition, it did not take any formal testimony or allow for any cross-examination on the reasonableness of the fees sought. The circuit court heard little from Anne's attorneys and nothing from the guardian *ad litem* about the reasonableness of their fees beyond their billing statements. At the hearing on August 11, 2022,

each of Anne's attorneys briefly explained their rates and hours worked in relation to the Petition to Modify. At the hearing on May 7, 2024, the circuit court asked Anne's attorneys a few questions regarding the written objections raised by Edward. The majority of time at both hearings was focused on the parties' arguments. The only other evidence considered by the circuit court were the affidavits attached to the Fee Petition, and the billing statements submitted after the circuit court's order on March 25, 2024. This case presents a similar situation to *Eberhardt*, as the circuit court decided the amount of fees owed almost entirely based on the billing statements, the arguments of the parties, and its own assessment of the reasonableness of the fees sought.

¶ 31    We find that once Edward requested an evidentiary hearing on the Fee Petition and raised multiple objections regarding the reasonableness of the fees sought, the circuit court was required to hold an evidentiary hearing. Edward raised multiple arguments in court and in his written objection to the billing statements regarding the reasonableness of the fees sought that warranted further examination, specifically (1) that it was unreasonable for Anne to have two attorneys present at the hearing on the Petition to Modify, (2) that Anne's attorneys separately billed for identical tasks on the same date multiple times, and (3) that Anne's attorneys and the guardian *ad litem* spent excessive time preparing for the hearing. By declining to hold an evidentiary hearing on the Fee Petition, the circuit court denied Edward the opportunity to meaningfully challenge the reasonableness of the fees sought. Therefore, we find that the circuit court abused its discretion by deciding the amount of fees owed without an evidentiary hearing, and we vacate the circuit court's fee award and remand for an evidentiary hearing on the amount of fees to be awarded. As such, we need not address Edward's remaining argument that the amount of fees awarded was unreasonable.

¶ 32    We affirm the circuit court's finding that Anne is entitled to contribution for attorney fees under Section 508(b), as that finding was not an abuse of discretion. We vacate the circuit court's order awarding fees to Anne and remand to the circuit court for an evidentiary hearing to determine a reasonable fee award.

¶ 33    Affirmed in part, vacated in part. Cause remanded.